UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WALTER BALL,

Petitioner,

-v-

06-CV-0174(MAT)
**ORDER**

JAMES CONWAY, Superintendent of Attica Correctional Facility

Respondent.

---

## I. Introduction

Petitioner Walter Ball ("petitioner") filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Erie County Supreme Court of Murder in the Second Degree (N.Y. Penal Law § § 125.25[1], 20.00) and Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law § 265.03[2]).

## II. Factual Background and Procedural History

Petitioner's conviction arose from his participation in the shooting of Jayson White on March 30, 2000 in the City of Buffalo. Petitioner, while in the backseat of a car carrying two accomplices, fatally shot the victim, who was targeted as a member of a rival street gang.

Following a jury trial before Justice Russell Buscaglia, petitioner was convicted and sentenced to an indeterminate term of imprisonment of twenty-five years to life on the murder conviction and a concurrent, determinate term of fifteen years on the weapon

possession conviction to be followed by five years of post-release supervision.

Petitioner appealed, through counsel, to the Appellate Division, Fourth Department, which unanimously affirmed the judgment of conviction. People v. Ball, 11 A.D.3d 904 (4th Dept. 2004), lv. denied 3 N.Y.3d 755 (2004). On direct appeal, petitioner raised the following issues: (1) that the prosecutor committed a Batson violation; (2) the convictions were not supported by legally sufficient evidence of accomplice corroboration; (3) the prosecution did not disclose the identities of trial witnesses prior to the Wade hearing; (4) prosecutorial misconduct on summation; and (5) the sentence imposed was harsh and excessive. See Petitioner's Appellate Br.; Respondent's Ex. B.

Petitioner then filed a petition for habeas corpus under 28 U.S.C. § 2254 with this Court, raising the same five claims as he did on direct appeal. (Dkt. #1). The respondent has filed an answer, memorandum of law, and accompanying exhibits. (Dkt. ##6,7). For the reasons that follow, the Court finds that petitioner is not entitled to habeas relief.

## III. Discussion

### A. General Principles

#### 1. Standard of Review

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal

constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

**2. Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

**3. The Adequate and Independent State Ground Doctrine**

"It is now axiomatic that 'cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred.'" Dunham v. Travis, 313 F.3d 724, 729 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). "A habeas petitioner may bypass the independent and adequate state

ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." Id. (citing Schlup v. Delo, 513 U.S. 298, 321 (1995); Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Although the Supreme Court "has repeatedly cautioned 'that the [independent and adequate state law ground] doctrine applies to bar consideration on federal habeas of federal claims that have been defaulted under state law,'" Dunham, 313 F.3d at 729 (quoting Lambrix v. Singletary, 520 U.S. 518, 523 (1997) (emphasis added by Second Circuit), the Second Circuit has observed that "it is not the case 'that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be [,]'" id. (quoting Lambrix, 520 U.S. at 525 (stating that bypassing procedural questions to reach the merits of a habeas petition is justified in rare situations, "for example, if the [the underlying issue] are easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law")).

### B. Merits of the Petition

#### 1. Claim One: Batson Violation

Petitioner claims that the prosecutor violated the precepts of Batson v. Kentucky, 476 U.S. 79 (1986), by exercising peremptory challenges to three prospective jurors based on their race. Petition ("Pet.") ¶ 12(A). (Dkt. #1). On direct appeal, the Fourth Department held:

> We reject defendant's contention that Supreme Court erred in determining that the People provided race-neutral explanations for exercising peremptory challenges with respect to three African-American prospective jurors, i.e., that each had a relative who had been convicted of a crime and thus each would likely be sympathetic toward defendant. Also contrary to defendant's contention, the record establishes that those peremptory challenges were consistent with the People's other peremptory challenges.

People v. Ball, 11 A.D.3d 904, 905 (4th Dept. 2004).

The constitution prohibits both the prosecution and defense from exercising peremptory challenges in a racially discriminatory manner. Georgia v. McCollum, 505 U.S. 42 (1992); Batson v. Kentucky, 476 U.S. 79 (1986). The determination of whether a party has exercised peremptory challenges in a discriminatory manner entails a three-step process: (1) a defendant must make a *prima facie* showing that a peremptory challenge has been exercised on the basis of race; (2) if that showing had been made, the prosecution must offer a race-neutral basis for striking the juror in question; and (3) in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination. Batson, 476 U.S. at 96-98.

The record reflects that the three African-American jurors challenged by the prosecutor all had relatives with criminal convictions. Juror #10 revealed that she had a brother who was convicted of manslaughter or second degree murder, and that he was

still in prison. J.S.[1] 127-129. Another woman (#18) indicated that her mother had a drug conviction and had been incarcerated, and also had a cousin that was convicted of murder, served time in prison, and was subsequently released. J.S. 131-133. Finally, a third juror (#16) disclosed that his brother had been convicted of weapon possession, and was currently in jail. J.S. 134, 144.

Following the prosecutor's exercise of peremptory challenges to the only three African-American jurors in the jury pool, defense counsel requested that "a record be set forth as to why those were charged." The court found that defense counsel had met his burden of a *prima facia* showing, thereby compelling the prosecutor to provide race-neutral explanations. J.S. 183-84.

The prosecutor then explained that he challenged #10 because she had a relative with a murder conviction, prosecuted by his office and still in prison. J.S. 186. He also found it disingenuous that she initially stated she had a "relative" who had been convicted, but upon further questioning revealed that the relative was in fact her brother, whom she visited occasionally in prison. Id. The prosecutor voiced a similar concern as to #16. That juror also had a brother prosecuted in Erie County who had been convicted of weapon possession and was incarcerated, a fact that Juror #16 failed to disclose in his responses to the juror questionnaire. J.S. 187, 188. Finally, the prosecutor noted that #18 had two relatives who had been prosecuted and convicted by his office for

[1] Citations to "J.S.__" refer to the jury selection transcript.

murder and drugs, one of whom was her mother. J.S. 188. The prosecutor further pointed out that he had similarly challenged white jurors (#7 and #15) whose relatives had been prosecuted or convicted by his office. J.S. 188. When offered the opportunity to respond to the prosecutor's race-neutral reasons, defense counsel declined. J.S. 190. In denying petitioner's Batson motion, the trial court found that the reasons set forth by the prosecutor were sufficient that "there were no jurors that were not challenged that did not have some prior criminal conviction of a relative or a friend or something of that nature." Id.

The Second Circuit has held that race- or gender-neutral explanations based on the fact that a relative of a prospective juror had been arrested or convicted of a crime are acceptable under Batson. See Green v. Travis, 414 F.3d at 300-01 (2d Cir. 2005) (accepting as a satisfactory race-neutral reason for peremptory strike the prosecutor's explanation that the prospective jurors had relatives who had been convicted of drug offenses); Jordan v. Lefevre, 293 F.3d 587, 594 (2d Cir. 2002) ("Nor do we see error in the district court's finding that [the prosecutor's] exercise of five of the State's peremptory challenges against blacks was not motivated by their race. [The prosecutor] offered race-neutral reasons for each of those challenges. It was not impermissible for the district court to credit his explanations that he viewed [one juror] as potentially having animosity toward the police because of [that juror]'s view that the police had

unfairly arrested and beaten his brother[.]"); U.S. v Lawal, 129 F.3d 114 (Table) 1997 WL 664794 (2d Cir. 1997) ("Both jurors were challenged on the basis of family criminal histories, and one juror was also challenged on the basis of his age and demeanor. These bases are well-accepted, facially race-neutral reasons.") (unpublished opinion).

In the present case, the prosecutor's proffered reason was race-neutral, clear, and not otherwise vague or facially questionable. Green, 414 F.3d at 301 (citing, *inter alia*, Batson, 476 U.S. at 98 (holding that in articulating race-neutral justifications for exercising peremptory strikes, the prosecutor may not simply deny "that he had a discriminatory motive" or affirm his "good faith" in selecting jurors, but rather must "articulate a neutral explanation related to the particular case to be tried")). The record amply supports the prosecutor's reason for peremptorily striking the three jurors, especially since none of them were forthcoming about the criminal histories of their respective family members. Moreover, the record indicates that non-minority jurors were peremptorily challenged for reasons virtually identical to those proffered in support of the African-American jurors. See, e.g. Jordan v. Lefevre, 293 F.3d 587, 594 (2d Cir. 2002) ("'The relative plausibility or implausibility of each explanation for a particular challenge, assessed in light of the prosecution's acceptance of jurors with similar circumstances, may strengthen or weaken the assessment of the prosecution's

explanation as to other challenges and thereby assist the fact-finder in determining overall intent."') (quoting United States v. Alvarado, 923 F.2d 253, 256) (2d Cir. 1991).

Turning to the third step of the Batson inquiry, a trial court's finding as to whether the prosecutor intentionally discriminated on the basis of race when exercising a peremptory strike is a factual finding entitled to appropriate deference by a reviewing court. Batson, 476 U.S. at 98 n. 21 (citation omitted); accord, e.g., Jordan v. Lefevre, 293 F.3d at 593. Since the trial judge's conclusions during the type of inquiry contemplated by Batson "largely will turn on evaluation of credibility," the Supreme Court has instructed that reviewing courts "ordinarily should give those findings great deference." Id. (citing Anderson v. Bessemer City, 470 U.S. 564, 575-76 (1985)). Petitioner has provided no basis for this Court to reject the trial judge's findings. The trial court heard extensive argument on the peremptory strike of the jurors, and gave defense counsel the opportunity to make a full record. J.S. 186-190. In sum, the trial court conducted a "meaningful inquiry into 'the decisive question ... whether counsel's race-neutral explanation for a peremptory challenge should be believed.'" Jordan v. LeFevre, 206 F.3d 196, 201 (2d Cir. 2000) (quoting Hernandez v. New York, 500 U.S. 352, 365 (1991). Accordingly, the Appellate Division's rejection of petitioner's Batson claim was not an unreasonable application of, or contrary to clearly established Supreme Court precedent.

### 2. Claim Two: Insufficient Corroborating Testimony

Petitioner next contends that the evidence of accomplice corroboration was legally insufficient to convict him of murder and weapon possession and that the verdict was against the weight of the evidence. Pet. ¶ 12(B).

Petitioner's claim is rooted in New York Criminal Procedure Law ("C.P.L") § 60.22[2], a state procedural law requiring the corroboration of accomplice testimony for the conviction of a criminal defendant. Respondent correctly argues that petitioner's claim does not present a constitutional violation. See Respondent's Mem. at 9-10. (Dkt. #7). Indeed, there is no federal constitutional rule requiring the corroboration of accomplice testimony. See Caminetti v. United States, 242 U.S. 470, 495 (1917) ("[T]here is no absolute rule of law preventing convictions on the testimony of accomplices if juries believe them."). Under federal law, a conviction may be sustained on the basis of the testimony of a single accomplice, provided that testimony is "not incredible on

---

[2] C.P.L. § 60.22 provides that:

"1. A defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense.

2. An "accomplice" means a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in:

(a) The offense charged; or

(b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged."

C.P.L. § 60.22.

its face and is capable of establishing guilt beyond a reasonable doubt.” United States v. Gordon, 987 F.2d 902, 906 (2d Cir. 1993) (citing United States v. Parker, 903 F.2d 91, 97 (2d Cir.), cert. denied, 498 U.S. 872 (1990)). “Any lack of corroboration goes to the weight of the evidence, not to its sufficiency, and a challenge to the weight of the evidence is a matter for argument to the jury, not a ground for reversal on appeal.” Id. Consequently, petitioner’s claim based on the lack of corroborative testimony must be dismissed. Accord, e.g., Mariani v. Kelly, 2001 WL 1860961, at *4 (N.D.N.Y. Feb.2, 2001) (“Petitioner's claim that the accomplice testimony was not sufficiently corroborated alleges purely a matter of state law, and is thus not cognizable on federal habeas corpus review.”) (footnote omitted) (citing Estelle v. McGuire, 502 U.S. 62, 67 (1991)).

Similarly, petitioner’s claim that his conviction is against the weight of the evidence is based on a New York statute permitting an intermediate appellate court to reverse a verdict that “was, in whole or in part, against the weight of the evidence.” C.P.L. § 470.15(5); People v. Bleakley, 69 N.Y.2d 490, 495 (1987). Federal courts have routinely recognized that weight of the evidence claims are not cognizable on habeas review. See Jones v. Artus, 615 F.Supp.2d 77 (W.D.N.Y. 2009); Correa v. Duncan, 172 F.Supp.2d 378, 381 (E.D.N.Y. 2001); Ex parte Craig, 282 F. 138 (2d Cir. 1922) (holding that “a writ of habeas corpus cannot be used to review the weight of evidence ...”), aff'd, 263 U.S. 255

(1923). Because petitioner has not presented a ground for habeas relief, this claim is dismissed.

### 3. Claims Three and Four are Procedurally Barred

Petitioner argues, as he did on direct appeal, that he was deprived of his constitutional right to a fair trial and due process when the court granted the prosecutor's protective order pursuant to C.P.L. § 240.80[3]. Pet. ¶ 12(C). He also makes an allegation of prosecutorial misconduct. Pet. ¶ 12(D). Respondent argues that both of these claims are procedurally defaulted, and the Court agrees.

Citing New York's "contemporaneous objection rule", codified at C.P.L. § 470.05(2), the Appellate Division held that (1) petitioner failed to preserve his contention that the court erred in failing to disclose the names of witnesses to be called at the Wade hearing, and (2) failed to preserve his further contention that he was denied a fair trial by the prosecutor's remarks on summation. Ball, 11 A.D.3d at 905-06. It is well-settled that "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground [for dismissing a claim], even where the state court has also ruled in the alternative on the merits of the federal claim." See Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990). The Second Circuit has recognized New York

[3] Because of purported threats of violence, the prosecutor sought a protective order relative to the identities of certain witnesses prior to the Wade hearing. See Wade Hr'g dated 11/9/2000 at 2-8.

State's contemporaneous objection rule as an adequate and independent state procedural rule which may preclude federal habeas review. See Garcia v. Lewis, 188 F.3d 71 (2d Cir. 1999). Here, the Appellate Division relied on New York's contemporaneous objection rule to hold that petitioner had failed to object and preserve his arguments enumerated in grounds three and four of the petition, which demonstrates that the court's decision that the claim was unpreserved rested on a state procedural rule. Thus, petitioner's claim is procedurally barred from being raised before this Court for habeas review.

Because the claims set forth above are subject to a procedural bar, they are precluded from habeas review. This Court may reach the merits of these claims, despite the procedural default, if petitioner can demonstrate cause for the default and prejudice, or that failure to consider the claim will result in a miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). A fundamental miscarriage of justice means a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Petitioner does not allege cause or prejudice, or that he is innocent of the crime for which he has been convicted. Consequently, he cannot overcome the state procedural bar, and this claim is dismissed.

### 5. Claim Five: Harsh and Excessive Sentence

As a final basis for relief, petitioner avers that his sentence of imprisonment is unduly harsh and excessive. Pet. ¶ 12(E). The assertion that a sentencing judge abused his or her discretion in sentencing is not a cognizable federal claim subject to review by a habeas court. See Fielding v. LeFevre, 548 F.2d 1102, 1109 (2d Cir. 1977) (citing Townsend v. Burke, 334 U.S. 736, 741 (1948)). Further, no federal constitutional issue is presented where the sentence falls within the range prescribed by state law. White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). Here, petitioner's sentence falls within the maximum sentence authorized by New York State law. See N.Y. Penal Law § 70.00. Therefore, his claim regarding the length of his sentence is dismissed as not cognizable on federal habeas review. See White, 969 F.2d at 1383; accord, e.g., May v. Donelli, 615 F.Supp.2d 88 (W.D.N.Y.2009).

## IV. Conclusion

For the reasons stated above, Walter Ball's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies

leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

______________________________________
MICHAEL A. TELESCA
United States District Judge

Dated: December 31, 2009
Rochester, New York